IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEA LONDON LIMITED, | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | No. 08-4093 |
| | : | |
| WOODLAKE MANAGEMENT, et al., | : | |
|     Defendants. | : | |

**MEMORANDUM AND ORDER**

**I. INTRODUCTION**

On August 22, 2008, Plaintiff Alea London Limited ("Alea") filed a Declaratory Judgment Action requesting that the court find that Alea had no duty to defend or indemnify the Defendants in a pending state court action. On November 25, 2008, Defendants Woodlake Management, Cliveden Realty Corp., Cliveden 2002, L.P., d/b/a Cliveden Apartments, and Cliveden, L.P. (the "moving defendants") moved to stay the federal court action because it was dependent on a factual determination in the state case, which is presently stayed. On December 8, 2008, Alea filed an opposition to the moving defendants' Motion to Stay and filed a Cross Motion for Judgment on the Pleadings. Currently before the court is the moving defendants' Motion to Stay and Alea's Motion for Judgment on the Pleadings. For the reasons that follow, moving defendants' Motion to Stay is denied and Alea's Motion for Judgment on the Pleadings is granted.

**II. BACKGROUND**

On July 13, 2005, Khar Abdulah was shot multiple times on property owned or managed by the moving defendants. On April 16, 2007, Mr. Abdulah and Mirta Nieves-Abdulah filed an

action in the Philadelphia Court of Common Pleas against the moving defendants. That state court action is currently stayed because Mr. Abdulah is incarcerated. In the declaratory Judgment Action currently before the court, Alea seeks a declaration that they have no duty to defend or indemnify the defendants in connection with the claims asserted by the Abdulahs. Alea contends that an assault and battery exclusion in the Commercial General Liability Policy (the "liability policy") issued to moving defendants for the period of December 31, 2004 to December 31, 2005 releases them of any duty to defend or indemnify. The moving defendants assert that if Mr. Abdulah's injuries were caused by the moving defendant's negligence, as opposed to being caused by the assault and battery by a third person, then coverage is required. Moving defendants further contend that a factual determination of the cause of injury in the underlying state action must be made before this court can issue a declaratory judgment regarding the duties to defend and indemnify.

> A.  The Abdulah's Complaint

The following is a summary of what the Abdulahs allege in their Complaint:

- While at the Cliveden Apartments, premises owned, leased, possessed, controlled, and/or managed by the moving defendants, Mr. Abdulah was shot numerous times by John Doe.

- John Doe entered the apartment through a door with a broken security lock.

- Moving defendants provided the security lock and knew or should have known that it was broken.

- Moving defendants negligently, carelessly, and/or recklessly allowed a dangerous and defective condition of the property to exist.

- Moving defendants negligently, carelessly, and/or recklessly failed to inspect and/or

- maintain the premises with regard to dangerous and defective conditions

- Moving defendants negligently, carelessly, and/or recklessly failed to warn Plaintiff of said dangerous and defective condition.

- Moving defendants negligently, carelessly, and/or recklessly failed to correct said dangerous and defective condition.

- Moving defendants negligently, carelessly, and/or recklessly violated pertinent provisions of the ordinances, statutes and/or laws of the Commonwealth of Pennsylvania, including but not limited to the Restatement of Torts (Second).

- Moving defendants negligently, carelessly, and/or recklessly failed to train, instruct, supervise, or teach their employees, agents, and staff in the proper procedures for the proper repair of dangerous and defective security.

- Moving defendants committed such other acts or omissions which constitute negligence and which may become apparent during discovery.

- Moving defendants were negligent at law.

B.   The Liability Policy

The liability policy stated, in part:

> This insurance does not apply to any claim arising out of an assault and/or battery regardless of culpability or intent or out of a physical alteration or out of any act or failure to act to prevent or suppress such assault and/or battery . . . . The company is under no duty to defend or indemnify an insured in any action or proceeding alleging such damages arising out of an assault and/or battery or physical altercation . . . . This exclusion applies to all causes of action arising out of an assault and/or battery regardless of culpability or intent or out of a physical altercation including, but not limited to, allegations of negligent hiring, placement, training, or supervision, or to any act, error or omission relating to such an assault and/or battery or a

>physical altercation.

Plaintiffs Cross-Motion for Judgment on the Pleadings, pp. 8-9

### III.  JURISDICTION

This court has jurisdiction to hear this case under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.  The court has the authority to grant declaratory relief pursuant to 28 U.S.C. § 2201.  Both parties agree that Pennsylvania law applies to this case.

### IV.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(c), any party may move for judgment on the pleadings "after the pleadings are closed but within such time so as not to delay the trial." Judgment on the pleadings shall only be granted if the moving party clearly establishes that there are no material issues of fact and that the moving party is entitled to judgment as a matter of law. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005) (citations omitted).  "The court must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Id.

### V.  DISCUSSION

The interpretation of an insurance contract, including an analysis of coverage, is a question of law generally determined by the court.  Donegal Mutual Ins. Co. v. Baumhammers, 938 A.2d 286, 291 (Pa. 2007) (citations omitted).  When the terms of the policy are unambiguous, they control, but when the terms are ambiguous they must be interpreted in favor of the insured.  Id. (citations omitted).   The duty to defend under an insurance policy is broader than the duty to indemnify, in that the duty to defend is triggered whenever the allegations in a

complaint may potentially come within the insurance coverage. Lucker Mfg., Inc. v. Home Ins. Co., 23 F.3d 808, 813 (3d Cir. 1994). The insurer's duty to defend remains until the insurer is able to show that the factual allegations in the complaint, even if true, do not fall within the scope of the policy. Id. (citations omitted). "If the complaint against the insured avers facts that would support a recovery covered by the policy, then coverage is triggered and the insurer has a duty to defend until such time that the claim is confined to a recovery that the policy does not cover." Gen. Accident Ins. Co. of Am. v. Allen, 692 A.2d 1089, 1095 (Pa. 1997). In determining whether a duty to defend exists, a court must look to the factual allegations in the complaint regardless of the particular causes of action. Mutual Ben. Ins. Co. v. Haver, 725 A.2d 743, 745 (Pa. 1999).

Both parties rely, in large part, on two recent cases decided by the Pennsylvania Superior Court that analyze if a property owner's general liability insurer was relieved of its duty to defend or indemnify based on an assault and battery exclusion. In Acceptance Ins. Co. v. Seybert, the court held that the assault and battery exclusion barred coverage. 757 A.2d 380 (Pa. Super. Ct. 2000). In QBE Ins. Co. v. M&S Landis Corp. T/d/b/a Fat Daddy's, the court held that the assault and battery exclusion did not apply. 915 A.2d 1222 (Pa. Super. Ct. 2007). The facts alleged in the Abdulah's complaint are more analogous to those contemplated by the court in Seybert, and distinct from the facts alleged in QBE.

In Seybert, the plaintiff (Seybert) alleged that five men attacked him in a parking lot and that Belmont Bar *contributed to this attack* by selling alcohol to the visibly intoxicated men. Seybert, 757 A.2d at 381. Belmont Bar sought coverage for Seybert's claims from Acceptance Insurance Company arguing that because Seybert's complaint contained counts based on

negligence, the assault and battery exclusion in the liability policy did not apply. Id. at 383. The liability policy excluded bodily injury "arising out of assault and/or battery or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the insured, his employees . . . ." Id. The Superior Court held that coverage was excluded because there was no indication in the complaint that Seybert's injuries were caused by anything other than the assault and battery by the five men and there was no suggestion that the injuries were caused directly by the Belmont employees' negligence. Id.

In QBE, the underlying complaint involved allegations that bouncers from Fat Daddy's Nightclub ("Fat Daddy's") wrestled with a man, threw him on the ground, and eventually smothered him to death. QBE, 915 A.2d at 1224. The complaint alleged that the death was the *direct result* of Fat Daddy's negligence and the negligence of its employees in improper restraining, lack of training, and inadequate staffing, along with other allegations of negligence. Id. The QBE court distinguishes its case from Seybert because in Seybert the complaint alleged that the bar contributed to the attack, whereas in QBE the complaint alleged that Fat Daddy's negligence (and the negligence of its employees) led "directly" to the death. Id. at 1229. "Thus, [the injury] did not arise from an assault and battery, but, rather, arose from the alleged negligence of Appellants [Fat Daddy's]" Id.

The relevant distinction between Seybert and QBE is that in Seybert the complaint alleged that the bar's negligence contributed to the injuries caused by the attack, while the QBE complaint alleged that Fat Daddy's negligence directly caused the injuries. Moving defendants are correct that, based on the court's holdings in QBE and Seybert, Alea would have a duty to defend if the Abdulah's complaint alleged that the moving defendants' negligence caused harm

6

independent from the shooting or directly caused Mr. Adbulah's injuries, as opposed to merely contributing to his injuries.  In other words, if the Abdulah's complaint contained an allegation that Mr. Abdulah suffered injuries other than those caused by the shooting, or that somehow the moving defendants' negligence directly caused those injuries, the assault and battery exclusion would not release Alea of their duty to defend.  The Abdulah's complaint, however, does not allege that any of Mr. Abdulah's injuries arose directly from the negligence of moving defendants or that Mr. Abdulah suffered any injuries other than those caused by the shooting.  According to the complaint, all of the alleged injuries were caused by the shooting.

The complaint alleges that the moving defendants' enabled the shooting to occur and/or failed to prevent it.  Both of these scenarios are clearly encompassed by the assault and battery exclusion:

> This insurance does not apply to any claim arising out of an assault and/or battery regardless of culpability or intent or out of a physical alteration or out of any act or failure to act to prevent or suppress such assault and/or battery . . . . This exclusion applies to all causes of action arising out of an assault and/or battery regardless of culpability or intent or out of a physical altercation including, but not limited to, allegations of negligent hiring, placement, training, or supervision, or to any act, error or omission relating to such an assault and/or battery or a physical altercation.

Plaintiffs Cross-Motion for Judgment on the Pleadings, pp. 8-9

The liability policy specifically excludes claims arising from a failure to prevent or suppress an assault or battery, which is precisely what is alleged in the Abdulah's complaint.  Even if everything alleged in the complaint were true, the complaint does not aver any facts that are covered by the liability policy because there is no allegation that the moving defendants caused harm independent from the shooting, or that the moving defendants' negligence *directly* caused

7

Mr. Abdulah's injuries. All of the Abdulah's allegations involve the moving defendants' negligence, recklessness, or carelessness in failing to prevent the assault. As in <u>Seybert</u>, because the Abdulah's complaint "contains no allegations that [plaintiff's] injuries were caused in any way other than by assault and battery . . . [and there] is no suggestion that [plaintiff's] injuries . . . were negligently caused directly by [defendant's] employees" the assault and battery exclusion applies. <u>Seybert</u>, 757 A.2d at 383.

     The moving defendants assert that Alea has a duty to defend because of the Abdulah's allegation that if the "lock had been in place, the alleged assailant couldn't have entered the building." Moving Defendants' Opposition to Plaintiff's Motion for Judgment on the Pleadings, p. 2. This allegation fits squarely into the liability policy's exclusion as an error or omission relating to an assault or battery. I find that the plain, unambiguous language of the assault and battery exclusion excludes coverage for these allegations and therefore Alea does not have a duty to defend or indemnify the moving defendants in the lawsuit filed by the Abdulahs.

                                                                                          ORDER


**AND NOW**, this __13th____ day of January, 2009, it is **ORDERED** that Plaintiff Alea London, Limited's Motion for Judgment on the Pleadings is **GRANTED**.  Defendants' Motion for Stay of Proceedings is **DENIED**.  It is further declared that Plaintiff has no duty to defend or indemnify its insured in <u>Khar Abdulah and Mirta Nieves Abdulah v. Cliveden 2002, L.P., d/b/a Cliveden Apartments, et al.</u>, pending in the Philadelphia Court of Common Pleas, April Term, 2007, No. 2199.


                                                                        s/Anita B. Brody

                                                                        _____

                                                                        ANITA B. BRODY, J.




        Copies **VIA ECF** on _____ to:                              Copies **MAILED** on _____ to: